## CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

This Confidential Settlement and Release Agreement (the "Agreement") is made by Walgreen Co., its respective officers, employees, agents, directors, representatives, successors, assigns, and shareholders ("Walgreens") and Plaintiffs Lori Adams, Michael Adams, Jaimie Budzinski, James Currier, William Flahive, Timothy Hollan, Troy Kaun, Luke Misiak, Lynette Naumann, Louis Olinger, Scott Ostrowski, Marc Schrader, Richard Stoddard, Chad Tenpas, John Totz, Brad Wanta, Shaun Whatley, Tonya Williams, Rick Wysocki, Benjamin Zawislan, Jennifer Zawislan, Thomas Zorzin, and their respective agents, representatives, assignees, heirs, executors, administrators, beneficiaries, and trustees ("Plaintiffs"). Plaintiffs and Walgreens are collectively referred to as "the Parties."

## RECITALS

WHEREAS, a dispute exists between Plaintiffs and Walgreens that resulted in Plaintiffs' filing, along with several other individuals, of a lawsuit in the United States District Court for the Eastern District of Wisconsin (the "Court"), titled *Adams v. Walgreen Co.,* Case No. 14-cv-1208, alleging that: Walgreens did not pay Plaintiffs and others overtime compensation purportedly owed under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA"); and Walgreens did not pay Plaintiffs Lori Adams, Michael Adams, Jaimie Budzinski, James Currier, William Flahive, Troy Kaun, Lynette Naumann, Louis Olinger, Scott Ostrowski, Richard Stoddard, Chad Tenpas, John Totz, Brad Wanta, Shaun Whatley, Tonya Williams, Jennifer Zawislan and others overtime compensation purportedly owed to them under Wisconsin law and did not pay compensation purportedly owed to them within the time limits set forth in WIS. STAT. § 109.03 (the "Lawsuit"); and

WHEREAS, Walgreens denies all material allegations and claims asserted in the Lawsuit; and

WHEREAS, the Parties nevertheless wish to avoid the burden, expense, and uncertainty of litigating Plaintiffs' claims and desire, without any concession or admission of unlawful conduct, liability, fault, or wrongdoing by Walgreens, to effect a full, complete, final, and binding settlement and compromise of all claims that Plaintiffs may have against Walgreens from the beginning of time through the date of entry of this Agreement, with prejudice.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and promises set forth in this Agreement, agree as follows:

## AGREEMENT

1. **Dismissal of the Lawsuit.** After all Plaintiffs and Walgreens execute this Agreement, the Parties agree to file a motion seeking approval of the Agreement and dismissal of Plaintiffs' claims in this Lawsuit in their entirety with prejudice. Plaintiffs acknowledge and agree that the terms and conditions in this Paragraph are material terms and conditions of this Agreement and constitute consideration to Walgreens that is necessary for the effectuation of this Agreement.

**2.    Specific Waiver And Release of All Claims.**  In exchange for the consideration described in Paragraph 7 of this Agreement and detailed in the attached Individual Supplements to Agreement and Signature Pages for Plaintiffs, Plaintiffs irrevocably and unconditionally waive, release, and forever discharge Walgreens and its predecessors, successors, all former, current, and future related organizations, companies, divisions, subsidiaries, affiliates, and parents, and collectively, their respective former, current and future directors, officers, employees, agents, representatives, attorneys, fiduciaries, assigns, heirs, executors, administrators, beneficiaries, and trustees (collectively, the "Released Parties"), from any and all claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever, asserted in the Lawsuit or that could have been asserted against any of the Released Parties in the Lawsuit which arise out of Plaintiffs' employment with Walgreens up to and including the effective date of this Agreement.

**3.    General Waivers And Releases.**  In exchange for the consideration described in Paragraph 7 of this Agreement and detailed in the attached Individual Supplements to Agreement and Signature Pages for Plaintiffs, Plaintiffs fully and completely waive, release, and forever discharge the Released Parties from any and all claims, charges, complaints, actions, causes of action, lawsuits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever that Plaintiffs may have against any or all of the Released Parties arising out of Plaintiffs' employment with Walgreens and—with respect to Plaintiffs Lori Adams, William Flahive, Timothy Hollan, Troy Kaun, Luke Misiak, Marc Schrader, Richard Stoddard, John Totz, Rick Wysocki, Benjamin Zawislan, and Thomas Zorzin—arising out of the separation of their employment with Walgreens and any other fact, condition, circumstance, or occurrence arising out of Plaintiffs' employment with Walgreens up to and including the effective date of this Agreement, whether known or unknown, suspected or concealed, and whether presently asserted or otherwise, including, but not limited to, all claims that any or all of the Released Parties:

**(a)**    violated public policy or common law including, but not limited to, claims for breach of contract; unjust enrichment; quantum meruit; intentional or tortious interference with contractual or business relations; misrepresentation; fraud; conversion; promissory estoppel; detrimental reliance; wrongful termination; retaliatory discharge; assault; battery; false imprisonment; personal injury; defamation; libel; slander; invasion of privacy; negligence; negligent hiring, retention or supervision; negligent, reckless, or intentional infliction of emotional distress; mental anguish; conspiracy; and/or loss of consortium; or

**(b)**    violated Walgreens' personnel policies, procedures, or handbooks; any covenant of good faith and fair dealing; or any purported contract of employment, express or implied with Plaintiffs; or

**(c)** engaged in false or fraudulent acts against the United States Government, retaliated against Plaintiffs, or otherwise violated the False Claims Act, 31 U.S.C. § 3729 *et seq.*; or

**(d)** failed to provide Plaintiffs with any benefits pursuant to the terms of any employee benefit plan maintained, administered, sponsored, funded and/or paid, in whole or in part, by Walgreens, violated the terms of any such employee benefit plan, breached any fiduciary obligation with respect to such plan, or discriminated against Plaintiffs for the purpose of preventing Plaintiffs from obtaining benefits pursuant to the terms of any such plan, or in any way violated any provision of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*;

**(e)** retaliated against or discriminated against Plaintiffs on the basis of race, age, sex (including sexual harassment), color, national origin, citizenship, ancestry, religion, disability, handicap, sexual orientation, leave status, genetics, medical condition, marital status, parental status, veteran status, source of income, union activity, whistle-blower activity, or on any other basis in violation of any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions or otherwise violated any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions, including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"); the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*; the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*; the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d); the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.*; the National Labor Relations Act, as amended, 29 U.S.C. § 151 *et seq.*; and the Sarbanes-Oxley Act of 2002, as amended, 18 U.S.C. § 1514A; or

**(f)** violated the New Jersey Conscientious Employee Protection Act, N.J. Stat. Ann. 34:19-1 *et. seq.* or the New Jersey Family Leave Act with respect to Plaintiff Timothy Hollan.

**4.** **Covenant Not To Sue.** Plaintiffs agree not to sue any or all of the Released Parties in any forum for any claim covered by the waivers and releases in Paragraphs 2-3, except that any Plaintiff may bring a claim to enforce this Agreement or under the ADEA to challenge this Agreement. Plaintiffs also agree not to participate in any class or collective action against any or all of the Released Parties arising out of Plaintiffs' employment with Walgreens. If any Plaintiff violates this Agreement by suing the Released Parties, other than to enforce this Agreement or under the ADEA to challenge this Agreement, that individual Plaintiff shall be liable to such Released Parties as are parties to the lawsuit for their reasonable attorneys' fees and other litigation costs incurred in defending against such a lawsuit. Alternatively, if any Plaintiff sues the Released Parties, other than to enforce this Agreement or under the ADEA to challenge this Agreement, that individual Plaintiff may be required, at Walgreens' option, to return all but One Hundred Dollars and No Cents ($100.00) of the consideration paid to that individual Plaintiff pursuant to this Agreement.

**5.**    **Rights And Claims Excluded From Waivers And Releases.**  This Agreement does not waive any rights that cannot be waived by law, including Plaintiffs' right to file a charge of discrimination with an administrative agency (such as the United States Equal Employment Opportunity Commission ("EEOC")) and Plaintiffs' right to participate in any agency investigation or proceeding.  Plaintiffs are waiving, however, any right to recover money in connection with such a charge or investigation.  Each Plaintiff also is waiving any right to recover money in connection with a charge filed by any other individual, by the EEOC, or by any other city, local, state, or federal agency, except for money properly awarded by the Securities and Exchange Commission, or a civil action for false claims brought by that individual Plaintiff and/or the United States government.

**6.**    **Non-Admission of Liability.**  This Agreement is entered into in compromise of disputed claims.  The Parties agree and acknowledge that the execution of this Agreement and the payment of the monetary consideration herein are not and shall not be construed in any way as an admission of wrongdoing or liability on the part of Walgreens.  Plaintiffs further acknowledge that Walgreens denies all allegations of wrongdoing.  The Parties intend, by their actions, pursuant to this Agreement, merely to avoid the expense, delay, uncertainty, and burden of litigation.

**7.**    **Consideration.**  In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiffs in this Agreement, Walgreens agrees to pay the total settlement amount of One Hundred Fifty Thousand Dollars and No Cents ($150,000.00) within thirty (30) days after the last of the following occur: (i) all Plaintiffs and Walgreens sign this Agreement; (ii) all Plaintiffs and Plaintiffs' lawyers complete, execute, and submit IRS Form W-9s to counsel for Walgreens; and (iii) the Parties' joint motion to approve this Agreement and dismiss Plaintiffs' claims in the Lawsuit with prejudice pursuant to Paragraph 1 of this Agreement is granted by the Court.  The total settlement amount shall be allocated as follows:

**(a)**    The amounts payable to each Plaintiff are provided on each Plaintiff's Individual Supplement to Agreement and Signature Page.  Each Plaintiff's payment will be divided equally as follows:

**(i)**    one half of each Plaintiff's payment shall be payable to Plaintiff as payment for Plaintiff's alleged unpaid overtime wages, and Walgreens will issue an IRS Form W-2 to Plaintiff at the appropriate time for tax reporting purposes in connection with this payment;

**(ii)**    one half of each Plaintiff's payment shall be payable to Plaintiff as payment for Plaintiff's alleged liquidated damages and/or interest on back wages, and Walgreens will issue an IRS Form 1099 to Plaintiff at the appropriate time for tax reporting purposes in connection with this payment; and

**(b)**    The sum of Fifty Thousand Four Hundred Forty-Nine Dollars and Forty Cents ($50,449.40) shall be made payable to HAWKS QUINDEL, S.C. as payment for Plaintiffs' attorneys' fees and expenses.  In connection with this payment, Walgreens will issue an IRS Form 1099 to HAWKS QUINDEL, S.C. for the full amount of attorneys' fees and costs

and will issue IRS Forms 1099 to Plaintiffs for their equal share (i.e., 4.55% each) of the attorneys' fees and costs.

Each Plaintiff agrees to indemnify and hold Walgreens harmless with respect to any taxes, interest, or penalties related to payments received by each individual Plaintiff provided that Walgreens complies with this Paragraph 7 and the attached Individual Supplements to Agreement and Signature Pages in terms of how it treats the settlement payments for taxation purposes. Each Plaintiff also agrees to indemnify and hold Walgreens harmless for any tax liability, penalty, interest, cost, or expense incurred as a result of that individual Plaintiff's failure to pay taxes for which they are responsible. Walgreens does not make any warranty or representation to Plaintiffs or Plaintiffs' counsel regarding the tax consequences of any payments.

        **8.**    **Nondisparagement.** Plaintiffs agree not to make any statements, either oral or written, or take any other actions that disparage or reflect negatively on Walgreens.

        **9.**    **No Rehire.** Plaintiffs Lori Adams, William Flahive, Timothy Hollan, Troy Kaun, Luke Misiak, Marc Schrader, Richard Stoddard, John Totz, Rick Wysocki, Benjamin Zawislan, and Thomas Zorzin agree that (i) they will not apply for or otherwise seek either employment or work on a contractual or other non-employee basis with Walgreens or its current or future related organizations, companies, divisions, subsidiaries, affiliates, or parents; and (ii) Walgreens and its current or future related organizations, companies, divisions, subsidiaries, affiliates, and parents have no obligation to employ, hire, reinstate, or otherwise engage them in the future. Plaintiffs Lori Adams, William Flahive, Timothy Hollan, Troy Kaun, Luke Misiak, Marc Schrader, Richard Stoddard, John Totz, Rick Wysocki, Benjamin Zawislan, and Thomas Zorzin further agree and recognize that if they apply for a position either directly as an employee, as an independent contractor, or through a third party and/or are hired directly or through a third party on an employee or contractual basis by Walgreens or its current or future related organizations, companies, divisions, subsidiaries, affiliates, or parents in the future, this Agreement is sufficient and appropriate legal grounds for denying and/or terminating their employment or other work relationship with Walgreens and there shall be no liability for Walgreens taking such action.

        **10.**    **Neutral Reference.** In response to an inquiry from any current or prospective employer of Plaintiffs Lori Adams, William Flahive, Timothy Hollan, Troy Kaun, Luke Misiak, Marc Schrader, Richard Stoddard, John Totz, Rick Wysocki, Benjamin Zawislan, and Thomas Zorzin, Walgreens agrees to provide a neutral reference limited to the following information: (i) the individual Plaintiff's dates of employment; and (ii) the individual Plaintiff's final position while employed by Walgreens.

        **11.**    **Other Agreements By Each Plaintiff**. Plaintiffs also agree to all of the following:

        **(a)** that Plaintiffs are entering into this Agreement and their respective Individual Supplement to Agreement and Signature Page knowingly, voluntarily, and with full knowledge of its significance. Plaintiffs have not been coerced, threatened, or intimidated into signing this Agreement and their respective Individual Supplement to Agreement and Signature Page;

**(b)** that Plaintiffs have been advised to consult with, and have in fact consulted with, a lawyer prior to signing this Agreement and their respective Individual Supplement to Agreement and Signature Page;

**(c)** that Plaintiffs have been given a reasonable amount of time to consider this Agreement and their respective Individual Supplement to Agreement and Signature Page;

**(d)** that, as a result of this Agreement, Plaintiffs have been properly paid by Walgreens for all hours worked, including hours worked in excess of forty (40) hours per week (and any liquidated damages and/or interest stemming from any wage claim);

**(e)** that Plaintiffs have not suffered any on-the-job injury for which Plaintiffs have not already filed a workers' compensation claim; and

**(f)** that Plaintiffs shall not voluntarily assist, aid, encourage, or cooperate with any other person or entity in threatening, commencing, instituting, maintaining, litigating, or prosecuting any claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, or demands of any kind, nature, description, or character whatsoever against Walgreens, except as required by court order or otherwise by law.

## 12.    **Confidentiality And Agreement Not To Publicize.**

**(a)** Plaintiffs agree to keep strictly confidential the facts and circumstances underlying and giving rise to the Lawsuit, the settlement amounts outlined in Paragraph 7 and in the Individual Supplements to Agreement and Signature Pages, and all other terms and conditions of the settlement, including all of the discussions, conversations, and negotiations leading to the execution of it.  This means that each Plaintiff shall not, directly or indirectly, provide, transmit, divulge, disclose, reveal, quote, describe, paraphrase, summarize, publicize, publish, or in any other manner communicate to or with any other person or entity, any of the foregoing, except to that individual Plaintiff's spouse, attorneys, tax advisors, accountants, a taxing authority (such as the IRS), a court of competent jurisdiction in order to enforce this Agreement or demonstrate a breach of this Agreement, or as required by law.  For example, Plaintiffs shall not post or otherwise publicize information in this Agreement on any blogs, websites, or social media sites—including, but not limited to, Twitter, Facebook, MySpace, Instagram, Topix, and LinkedIn.

**(b)** Plaintiffs agree and represent that they have instructed their counsel in this Lawsuit to keep strictly confidential the facts and circumstances underlying and giving rise to the Lawsuit, the settlement amounts outlined in Paragraph 7 and in the Individual Supplements to Agreement and Signature Pages, and all other terms and conditions of the settlement, including all of the discussions, conversations, and negotiations leading to the execution of it.  Nothing in this paragraph shall prohibit Plaintiffs' Counsel from (1) providing the Court information necessary to obtain Court approval, and (2) providing payment to Sanford Law Firm, PLLC as referral fees.

**(c)** In response to any inquiries from anyone other than those listed herein regarding the facts and circumstances underlying and giving rise to the Lawsuit, and the terms and provisions of and circumstances leading up to the execution of this Agreement and the

Individual Supplements to Agreement and Signature Pages, Plaintiffs will simply state, "the matter has been resolved" and will make no other comment. Moreover, this provision shall not apply to a Plaintiff in the event that individual Plaintiff is served with a subpoena or other legal process compelling his or her testimony.

(d)     In the event that any Plaintiff is required by law or court order to disclose, publicize, or to permit, authorize, or instigate the disclosure of this Agreement and/or his or her Individual Supplement to Agreement and Signature Page, in whole or in part, that individual Plaintiff must notify Walgreens in writing at least fifteen (15) <u>business</u> days prior to the disclosure in order to provide Walgreens an opportunity to object to such disclosure. Such written notification to Defendant shall be sent to: Brett Bartlett and Louisa Johnson, Seyfarth Shaw LLP, 1075 Peachtree Street, N.E., Suite 2500, Atlanta, Georgia 30309. Should a Plaintiff receive less than fifteen (15) days' notice of the potential disclosure, that Plaintiff shall provide as much notice to Walgreens as possible. Plaintiffs agree to cooperate fully with Walgreens if Walgreens decides to object to any such disclosure. This confidentiality agreement specifically includes but is not limited to an obligation, on the part of Plaintiffs and Plaintiffs' counsel and other representatives, not to knowingly disclose, or cause to be disclosed, the terms of the settlement to any current or former employee of Walgreens or of any of its affiliates, or to any individual associated with the press or the media. Plaintiffs acknowledge personal responsibility and liability for any disclosure prohibited by this Paragraph 12 and its subparts, including disclosures made by Plaintiffs and by Plaintiffs' representatives.

**13.** **<u>No Waiver By Inaction.</u>** The failure of the Parties, or either of them, to insist upon strict adherence to any term of this Agreement, and the Individual Supplements to Agreement and Signature Pages, on any occasion shall not be considered a waiver thereof, or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term in the Agreement and the Individual Supplements to Agreement and Signature Pages.

**14.** **<u>Miscellaneous.</u>**

(a)     **Continuing Jurisdiction.** Nothing in this Agreement or in the Individual Supplements to Agreement and Signature Pages is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties, to administer and enforce the settlement.

(b)     **Dispute Resolution.** The Parties intend for any disputes regarding this Agreement and the Individual Supplements to Agreement and Signature Pages to be heard only by the Court, unless the Court declines jurisdiction to resolve such disputes.

(c)     **Construction.** The Parties have had an opportunity to negotiate all terms, all conditions, and the language of this Agreement and the Individual Supplements to Agreement and Signature Pages and hereby agree that all of the terms and conditions shall be construed as if drafted by all Parties and not against any as the drafter. Accordingly, the normal rule of construction that any ambiguity or uncertainty in writing shall be interpreted against the party drafting the written instrument shall not apply to the construction of this Agreement or the Individual Supplements to Agreement and Signature Pages.

(d)     **Choice of Law.**  The enforcement of this Agreement and the Individual Supplements to Agreement and Signature Pages shall be governed and interpreted by, and under, the laws of the State of Wisconsin regardless of whether any party is, or may hereafter be, a resident of another state.

(e)     **Extension of Time.**  The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement and the Individual Supplements to Agreement and Signature Pages, without further notice.

(f)     **Counterparts.**  This Agreement may be executed in counterparts, and each executed counterpart shall have the same force and effect as an original instrument, as if all of the parties to all of the counterparts had signed the same instrument.  E-mailed or faxed copies of original signatures shall be considered the equivalent of an original signature.

(g)     **Entire Agreement.**  For each Plaintiff, this Agreement incorporates his or her respective Individual Supplement to Agreement and Signature Page.  This Agreement plus the applicable Individual Supplement to Agreement and Signature Page set forth the entire agreement between each individual Plaintiff and Walgreens regarding their settlement and supersede any other written or oral statements, representations, communications, understandings, and agreements.  With the exception of extensions of time as described in Paragraph 14, Subsection (e), no amendment or modification of the terms of this Agreement shall be binding on the Parties unless reduced to writing and signed by Plaintiffs and Walgreens.  In addition, no amendment or modification of the Individual Supplements to Agreement and Signature Pages shall be binding on the applicable Plaintiff or Walgreens unless reduced to writing and signed by both Walgreens and the Plaintiff whose Individual Supplement to Agreement and Signature page is being amended or modified.

(h)     **Severability.**  Plaintiffs and Walgreens agree that if any phrase, clause, or provision of this Agreement or the Individual Supplements to Agreement and Signature Pages is declared illegal, invalid, or unenforceable by a court of competent jurisdiction, such phrase, clause, or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement or of the Individual Supplements to Agreement and Signature Pages, which shall otherwise remain in full force and effect.  If any phrase, clause, or provision of this Agreement or of the Individual Supplements to Agreement and Signature Pages is deemed unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds.  If any waiver, release, or covenant not to sue set forth in Paragraphs 2, 3, or 4 of this Agreement is deemed illegal, invalid, or unenforceable in whole or in part, then Walgreens' obligations under this Agreement, including under the Individual Supplements to Agreement and Signature Pages, shall be nullified.

**[SIGNATURE PAGES AND SUPPLEMENTAL AGREEMENTS FOLLOW]**

**Signature Page for Walgreens**

Through its signature below, all of the terms and conditions of the attached Agreement, including all of the Individual Supplements to Agreement and Signature Pages for each Plaintiff, are acknowledged, accepted, and agreed to by:

WALGREEN CO., d/b/a WALGREENS

_Michael M. Hernandez_

Its: _Senior Counsel_

Date: ~~April~~ May _28_ , 2015

**Individual Supplement to Agreement and Signature Page for Plaintiff Lori Adams**

This Individual Supplement incorporates by reference the attached Confidential Settlement and Release Agreement ("Agreement") between Walgreens (as defined in the Agreement) and Plaintiffs (as defined in the Agreement). Through this Individual Supplement to Agreement, Plaintiff Lori Adams and Walgreens agree to the following additional terms and conditions:

**Supplement to Paragraph 7(a), Consideration.** In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in the attached Agreement, and in accordance with the terms and provisions set forth in Paragraph 7 of the Agreement, Walgreens agrees to pay the total settlement amount of Two Thousand Eight Hundred Fifty-Four Dollars and Nine Cents ($2,854.09) to Plaintiff Lori Adams. This amount shall be allocated as follows:

**(i)** The sum of One Thousand Four Hundred Twenty-Seven Dollars and Four Cents ($1,427.04), minus applicable statutory deductions and withholdings, shall be made payable to Lori Adams as payment for alleged unpaid overtime wages; and

**(ii)** The sum of One Thousand Four Hundred Twenty-Seven Dollars and Five Cents ($1,427.05) shall be made payable to Lori Adams as payment for alleged liquidated damages and/or interest on back wages.

**Supplement to Paragraph 11, Other Agreements By Each Plaintiff.** In addition to the other provisions in Paragraph 11 of the Agreement, Plaintiff Lori Adams agrees to the following:

**(g)** that she has been given at least twenty-one (21) days to consider this Agreement; and

**(h)** that, for a period of seven (7) days following the execution of this Agreement, Lori Adams may revoke her waiver of claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* by delivering a written revocation within the seven (7) day period to Walgreen's counsel, Brett Bartlett and Louisa Johnson, Seyfarth Shaw LLP, 1075 Peachtree Street, N.E., Suite 2500, Atlanta, Georgia 30309. In the event of such a revocation, her entitlement to the consideration described in Paragraph 7 and its addendum above will be reduced by ten percent (10%).


**PLAINTIFF LORI ADAMS**

Signature: _(signature)_

Date: April 17, 2015

**Individual Supplement to Agreement and Signature Page for Plaintiff Michael Adams**

This Individual Supplement incorporates by reference the attached Confidential Settlement and Release Agreement ("Agreement") between Walgreens (as defined in the Agreement) and Plaintiffs (as defined in the Agreement). Through this Individual Supplement to Agreement, Plaintiff Michael Adams and Walgreens agree to the following additional terms and conditions:

**Supplement to Paragraph 7(a), Consideration.** In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in the attached Agreement, and in accordance with the terms and provisions set forth in Paragraph 7 of the Agreement, Walgreens agrees to pay the total settlement amount of Three Thousand Six Hundred Ninety-Three Dollars and Fifty-Three Cents ($3,693.53) to Plaintiff Michael Adams. This amount shall be allocated as follows:

      **(i)** The sum of One Thousand Eight Hundred Forty-Six Dollars and Seventy-Six Cents ($1,846.76), minus applicable statutory deductions and withholdings, shall be made payable to Michael Adams as payment for alleged unpaid overtime wages; and

      **(ii)** The sum of One Thousand Eight Hundred Forty-Six Dollars and Seventy-Seven Cents ($1,846.77) shall be made payable to Michael Adams as payment for alleged liquidated damages and/or interest on back wages.

**Supplement to Paragraph 11, Other Agreements By Each Plaintiff.** In addition to the other provisions in Paragraph 11 of the Agreement, Plaintiff Michael Adams agrees to the following:

      **(g)** that he has been given at least twenty-one (21) days to consider this Agreement; and

      **(h)** that, for a period of seven (7) days following the execution of this Agreement, Michael Adams may revoke his waiver of claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* by delivering a written revocation within the seven (7) day period to Walgreen's counsel, Brett Bartlett and Louisa Johnson, Seyfarth Shaw LLP, 1075 Peachtree Street, N.E., Suite 2500, Atlanta, Georgia 30309. In the event of such a revocation, his entitlement to the consideration described in Paragraph 7 and its addendum above will be reduced by ten percent (10%).

**PLAINTIFF MICHAEL ADAMS**

Signature: _____

Date: April _17_, 2015

**Individual Supplement to Agreement and Signature Page for Plaintiff Marc Schrader**

This Individual Supplement incorporates by reference the attached Confidential Settlement and Release Agreement ("Agreement") between Walgreens (as defined in the Agreement) and Plaintiffs (as defined in the Agreement). Through this Individual Supplement to Agreement, Plaintiff Marc Schrader and Walgreens agree to the following additional terms and conditions:

**Supplement to Paragraph 7(a), Consideration.** In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in the attached Agreement, and in accordance with the terms and provisions set forth in Paragraph 7 of the Agreement, Walgreens agrees to pay the total settlement amount of Two Thousand Six Hundred Nineteen Dollars and Five Cents ($2,619.05) to Plaintiff Marc Schrader. This amount shall be allocated as follows:

(i)     The sum of One Thousand Three Hundred Nine Dollars and Fifty-Two Cents ($1,309.52), minus applicable statutory deductions and withholdings, shall be made payable to Marc Schrader as payment for alleged unpaid overtime wages; and

(ii)    The sum of One Thousand Three Hundred Nine Dollars and Fifty-Three Cents ($1,309.53) shall be made payable to Marc Schrader as payment for alleged liquidated damages and/or interest on back wages.

**PLAINTIFF MARC SCHRADER**

Signature: _____

Date: ~~April~~ 5, 2015
MAY

**Individual Supplement to Agreement and Signature Page for Plaintiff Richard Stoddard**

This Individual Supplement incorporates by reference the attached Confidential Settlement and Release Agreement ("Agreement") between Walgreens (as defined in the Agreement) and Plaintiffs (as defined in the Agreement). Through this Individual Supplement to Agreement, Plaintiff Richard Stoddard and Walgreens agree to the following additional terms and conditions:

**Supplement to Paragraph 7(a), Consideration.** In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in the attached Agreement, and in accordance with the terms and provisions set forth in Paragraph 7 of the Agreement, Walgreens agrees to pay the total settlement amount of Six Thousand Forty-Three Dollars and Ninety-Five Cents ($6,043.95) to Plaintiff Richard Stoddard. This amount shall be allocated as follows:

      (i)     The sum of Three Thousand Twenty-One Dollars and Ninety-Seven Cents ($3,021.97), minus applicable statutory deductions and withholdings, shall be made payable to Richard Stoddard as payment for alleged unpaid overtime wages; and

      (ii)    The sum of Three Thousand Twenty-One Dollars and Ninety-Eight Cents ($3,021.98) shall be made payable to Richard Stoddard as payment for alleged liquidated damages and/or interest on back wages.

**Supplement to Paragraph 11, Other Agreements By Each Plaintiff.** In addition to the other provisions in Paragraph 11 of the Agreement, Plaintiff Richard Stoddard agrees to the following:

      (g)    that he has been given at least twenty-one (21) days to consider this Agreement; and

      (h)    that, for a period of seven (7) days following the execution of this Agreement, Richard Stoddard may revoke his waiver of claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* by delivering a written revocation within the seven (7) day period to Walgreen's counsel, Brett Bartlett and Louisa Johnson, Seyfarth Shaw LLP, 1075 Peachtree Street, N.E., Suite 2500, Atlanta, Georgia 30309. In the event of such a revocation, his entitlement to the consideration described in Paragraph 7 and its addendum above will be reduced by ten percent (10%).

**PLAINTIFF RICHARD STODDARD**

Signature: _Plul A. Steere_

Date: April 30, 2015

**Individual Supplement to Agreement and Signature Page for Plaintiff Benjamin Zawislan**

This Individual Supplement incorporates by reference the attached Confidential Settlement and Release Agreement ("Agreement") between Walgreens (as defined in the Agreement) and Plaintiffs (as defined in the Agreement). Through this Individual Supplement to Agreement, Plaintiff Benjamin Zawislan and Walgreens agree to the following additional terms and conditions:

**Supplement to Paragraph 7(a), Consideration.** In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in the attached Agreement, and in accordance with the terms and provisions set forth in Paragraph 7 of the Agreement, Walgreens agrees to pay the total settlement amount of Three Thousand Three Hundred Fifty-Seven Dollars and Seventy-Five Cents ($3,357.75) to Plaintiff Benjamin Zawislan. This amount shall be allocated as follows:

**(i)** The sum of One Thousand Six Hundred Seventy-eight Dollars and Eighty-Seven Cents ($1,678.87), minus applicable statutory deductions and withholdings, shall be made payable to Benjamin Zawislan as payment for alleged unpaid overtime wages; and

**(ii)** The sum of One Thousand Six Hundred Seventy-eight Dollars and Eighty-Eight Cents ($1,678.88) shall be made payable to Benjamin Zawislan as payment for alleged liquidated damages and/or interest on back wages.

**PLAINTIFF BENJAMIN ZAWISLAN**

Signature: _____

Date: April 22, 2015

**Individual Supplement to Agreement and Signature Page for Plaintiff Jennifer Zawislan**

This Individual Supplement incorporates by reference the attached Confidential Settlement and Release Agreement ("Agreement") between Walgreens (as defined in the Agreement) and Plaintiffs (as defined in the Agreement). Through this Individual Supplement to Agreement, Plaintiff Jennifer Zawislan and Walgreens agree to the following additional terms and conditions:

**Supplement to Paragraph 7(a), Consideration.** In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in the attached Agreement, and in accordance with the terms and provisions set forth in Paragraph 7 of the Agreement, Walgreens agrees to pay the total settlement amount of Three Thousand Nine Hundred Sixty-Two Dollars and Fifteen Cents ($3,962.15) to Plaintiff Jennifer Zawislan. This amount shall be allocated as follows:

        **(i)**      The sum of One Thousand Nine Hundred Eighty-One Dollars and Seven Cents ($1,981.07), minus applicable statutory deductions and withholdings, shall be made payable to Jennifer Zawislan as payment for alleged unpaid overtime wages; and

        **(ii)**     The sum of One Thousand Nine Hundred Eighty-One Dollars and Eight Cents ($1,981.08) shall be made payable to Jennifer Zawislan as payment for alleged liquidated damages and/or interest on back wages.

**PLAINTIFF JENNIFER ZAWISLAN**

Signature:

Date: April 22, 2015

**Individual Supplement to Agreement and Signature Page for Plaintiff Tonya Williams**

This Individual Supplement incorporates by reference the attached Confidential Settlement and Release Agreement ("Agreement") between Walgreens (as defined in the Agreement) and Plaintiffs (as defined in the Agreement). Through this Individual Supplement to Agreement, Plaintiff Tonya Williams and Walgreens agree to the following additional terms and conditions:

**Supplement to Paragraph 7(a), Consideration.** In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in the attached Agreement, and in accordance with the terms and provisions set forth in Paragraph 7 of the Agreement, Walgreens agrees to pay the total settlement amount of Six Thousand Seven Hundred Fifteen Dollars and Fifty Cents ($6,715.50) to Plaintiff Tonya Williams. This amount shall be allocated as follows:

(i)      The sum of Three Thousand Three Hundred Fifty-Seven Dollars and Seventy-Five Cents ($3,357.75), minus applicable statutory deductions and withholdings, shall be made payable to Tonya Williams as payment for alleged unpaid overtime wages; and

(ii)     The sum of Three Thousand Three Hundred Fifty-Seven Dollars and Seventy-Five Cents ($3,357.75) shall be made payable to Tonya Williams as payment for alleged liquidated damages and/or interest on back wages.

**Supplement to Paragraph 11, Other Agreements By Each Plaintiff.** In addition to the other provisions in Paragraph 11 of the Agreement, Plaintiff Tonya Williams agrees to the following:

(g)      that she has been given at least twenty-one (21) days to consider this Agreement; and

(h)      that, for a period of seven (7) days following the execution of this Agreement, Tonya Williams may revoke her waiver of claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* by delivering a written revocation within the seven (7) day period to Walgreen's counsel, Brett Bartlett and Louisa Johnson, Seyfarth Shaw LLP, 1075 Peachtree Street, N.E., Suite 2500, Atlanta, Georgia 30309. In the event of such a revocation, her entitlement to the consideration described in Paragraph 7 and its addendum above will be reduced by ten percent (10%).

**PLAINTIFF TONYA WILLIAMS**

Signature: _Tonya D. Williams_

Date: April 27, 2015

## Individual Supplement to Agreement and Signature Page for Plaintiff Jaimie Budzinski

This Individual Supplement incorporates by reference the attached Confidential Settlement and Release Agreement ("Agreement") between Walgreens (as defined in the Agreement) and Plaintiffs (as defined in the Agreement). Through this Individual Supplement to Agreement, Plaintiff Jaimie Budzinski and Walgreens agree to the following additional terms and conditions:

**Supplement to Paragraph 7(a), Consideration.** In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in the attached Agreement, and in accordance with the terms and provisions set forth in Paragraph 7 of the Agreement, Walgreens agrees to pay the total settlement amount of Four Thousand Three Hundred Sixty-Five Dollars and Eight Cents ($4,365.08) to Plaintiff Jaimie Budzinski. This amount shall be allocated as follows:

(i) The sum of Two Thousand One Hundred Eighty-Two Dollars and Fifty-Four Cents ($2,182.54), minus applicable statutory deductions and withholdings, shall be made payable to Jaimie Budzinski as payment for alleged unpaid overtime wages; and

(ii) The sum of Two Thousand One Hundred Eighty-Two Dollars and Fifty-Four Cents ($2,182.54) shall be made payable to Jaimie Budzinski as payment for alleged liquidated damages and/or interest on back wages.

**PLAINTIFF JAIMIE BUDZINSKI**

Signature

Date: April 26, 2015

**Individual Supplement to Agreement and Signature Page for Plaintiff Thomas Zorzin**

This Individual Supplement incorporates by reference the attached Confidential Settlement and Release Agreement ("Agreement") between Walgreens (as defined in the Agreement) and Plaintiffs (as defined in the Agreement). Through this Individual Supplement to Agreement, Plaintiff Thomas Zorzin and Walgreens agree to the following additional terms and conditions:

**Supplement to Paragraph 7(a), Consideration.** In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in the attached Agreement, and in accordance with the terms and provisions set forth in Paragraph 7 of the Agreement, Walgreens agrees to pay the total settlement amount of One Hundred Thirty-four Dollars and Thirty-One Cents ($134.31) to Plaintiff Thomas Zorzin. This amount shall be allocated as follows:

(i)     The sum of Sixty-seven Dollars and Fifteen Cents ($67.15), minus applicable statutory deductions and withholdings, shall be made payable to Thomas Zorzin as payment for alleged unpaid overtime wages; and

(ii)     The sum of Sixty-seven Dollars and Sixteen Cents ($67.16) shall be made payable to Thomas Zorzin as payment for alleged liquidated damages and/or interest on back wages.

**Supplement to Paragraph 11, Other Agreements By Each Plaintiff.** In addition to the other provisions in Paragraph 11 of the Agreement, Plaintiff Thomas Zorzin agrees to the following:

(g)     that he has been given at least twenty-one (21) days to consider this Agreement; and

(h)     that, for a period of seven (7) days following the execution of this Agreement, Thomas Zorzin may revoke his waiver of claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* by delivering a written revocation within the seven (7) day period to Walgreen's counsel, Brett Bartlett and Louisa Johnson, Seyfarth Shaw LLP, 1075 Peachtree Street, N.E., Suite 2500, Atlanta, Georgia 30309. In the event of such a revocation, his entitlement to the consideration described in Paragraph 7 and its addendum above will be reduced by ten percent (10%).

PLAINTIFF THOMAS ZORZIN

Signature: _____

Date: April 19, 2015

**Individual Supplement to Agreement and Signature Page for Plaintiff Louis Olinger**

This Individual Supplement incorporates by reference the attached Confidential Settlement and Release Agreement ("Agreement") between Walgreens (as defined in the Agreement) and Plaintiffs (as defined in the Agreement). Through this Individual Supplement to Agreement, Plaintiff Louis Olinger and Walgreens agree to the following additional terms and conditions:

**Supplement to Paragraph 7(a), Consideration.** In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in the attached Agreement, and in accordance with the terms and provisions set forth in Paragraph 7 of the Agreement, Walgreens agrees to pay the total settlement amount of Eight Thousand Three Hundred Twenty-Seven Dollars and Twenty-Two Cents ($8,327.22) to Plaintiff Louis Olinger. This amount shall be allocated as follows:

      **(i)** The sum of Four Thousand One Hundred Sixty-Three Dollars and Sixty-One Cents ($4,163.61), minus applicable statutory deductions and withholdings, shall be made payable to Louis Olinger as payment for alleged unpaid overtime wages; and

      **(ii)** The sum of Four Thousand One Hundred Sixty-Three Dollars and Sixty-One Cents ($4,163.61) shall be made payable to Louis Olinger as payment for alleged liquidated damages and/or interest on back wages.

**PLAINTIFF LOUIS OLINGER**

Signature: _____

Date: April 20, 2015

**Individual Supplement to Agreement and Signature Page for Plaintiff Rick Wysocki**

This Individual Supplement incorporates by reference the attached Confidential Settlement and Release Agreement ("Agreement") between Walgreens (as defined in the Agreement) and Plaintiffs (as defined in the Agreement). Through this Individual Supplement to Agreement, Plaintiff Rick Wysocki and Walgreens agree to the following additional terms and conditions:

**Supplement to Paragraph 7(a), Consideration.** In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in the attached Agreement, and in accordance with the terms and provisions set forth in Paragraph 7 of the Agreement, Walgreens agrees to pay the total settlement amount of One Thousand Eight Hundred Six Dollars and Forty-Seven Cents ($1,806.47) to Plaintiff Rick Wysocki. This amount shall be allocated as follows:

(i) The sum of Nine Hundred Three Dollars and Twenty-Three Cents ($903.23), minus applicable statutory deductions and withholdings, shall be made payable to Rick Wysocki as payment for alleged unpaid overtime wages; and

(ii) The sum of Nine Hundred Three Dollars and Twenty-Four Cents ($903.24) shall be made payable to Rick Wysocki as payment for alleged liquidated damages and/or interest on back wages.

PLAINTIFF RICK WYSOCKI
Signature: _[signature]_
Date: April 20th, 2015

**Individual Supplement to Agreement and Signature Page for Plaintiff Troy Kaun**

This Individual Supplement incorporates by reference the attached Confidential Settlement and Release Agreement ("Agreement") between Walgreens (as defined in the Agreement) and Plaintiffs (as defined in the Agreement). Through this Individual Supplement to Agreement, Plaintiff Troy Kaun and Walgreens agree to the following additional terms and conditions:

**Supplement to Paragraph 7(a), Consideration.** In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in the attached Agreement, and in accordance with the terms and provisions set forth in Paragraph 7 of the Agreement, Walgreens agrees to pay the total settlement amount of Seven Thousand Seven Hundred Twenty-Two Dollars and Eighty-Three Cents ($7,722.83) to Plaintiff Troy Kaun. This amount shall be allocated as follows:

      **(i)** The sum of Three Thousand Eight Hundred Sixty-One Dollars and Forty-One Cents ($3,861.41), minus applicable statutory deductions and withholdings, shall be made payable to Troy Kaun as payment for alleged unpaid overtime wages; and

      **(ii)** The sum of Three Thousand Eight Hundred Sixty-One Dollars and Forty-Two Cents ($3,861.42) shall be made payable to Troy Kaun as payment for alleged liquidated damages and/or interest on back wages.

**PLAINTIFF TROY KAUN**

Signature: _____

Date: April __ 2015

**Individual Supplement to Agreement and Signature Page for Plaintiff Timothy Hollan**

This Individual Supplement incorporates by reference the attached Confidential Settlement and Release Agreement ("Agreement") between Walgreens (as defined in the Agreement) and Plaintiffs (as defined in the Agreement). Through this Individual Supplement to Agreement, Plaintiff Timothy Hollan and Walgreens agree to the following additional terms and conditions:

**Supplement to Paragraph 7(a), Consideration.** In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in the attached Agreement, and in accordance with the terms and provisions set forth in Paragraph 7 of the Agreement, Walgreens agrees to pay the total settlement amount of Two Thousand Eight Hundred Fifty-Four Dollars and Nine Cents ($2,854.09) to Plaintiff Timothy Hollan. This amount shall be allocated as follows:

**(i)** The sum of One Thousand Four Hundred Twenty-Seven Dollars and Four Cents ($1,427.04), minus applicable statutory deductions and withholdings, shall be made payable to Timothy Hollan as payment for alleged unpaid overtime wages; and

**(ii)** The sum of One Thousand Four Hundred Twenty-Seven Dollars and Five Cents ($1,427.05) shall be made payable to Timothy Hollan as payment for alleged liquidated damages and/or interest on back wages.

**PLAINTIFF TIMOTHY HOLLAN**

Signature: _Olin Hollen_

Date: April 16, 2015

### Individual Supplement to Agreement and Signature Page for Plaintiff Brad Wanta

This Individual Supplement incorporates by reference the attached Confidential Settlement and Release Agreement ("Agreement") between Walgreens (as defined in the Agreement) and Plaintiffs (as defined in the Agreement). Through this Individual Supplement to Agreement, Plaintiff Brad Wanta and Walgreens agree to the following additional terms and conditions:

**Supplement to Paragraph 7(a), Consideration.** In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in the attached Agreement, and in accordance with the terms and provisions set forth in Paragraph 7 of the Agreement, Walgreens agrees to pay the total settlement amount of Six Thousand Forty-Three Dollars and Ninety-Five Cents ($6,043.95) to Plaintiff Brad Wanta. This amount shall be allocated as follows:

      **(i)** The sum of Three Thousand Twenty-One Dollars and Ninety-Seven Cents ($3,021.97), minus applicable statutory deductions and withholdings, shall be made payable to Brad Wanta as payment for alleged unpaid overtime wages; and

      **(ii)** The sum of Three Thousand Twenty-One Dollars and Ninety-Eight Cents ($3,021.98) shall be made payable to Brad Wanta as payment for alleged liquidated damages and/or interest on back wages.


**PLAINTIFF BRAD WANTA**

Signature _[signature]_

Date: April _16th_, 2015

**Individual Supplement to Agreement and Signature Page for Plaintiff William Flahive**

This Individual Supplement incorporates by reference the attached Confidential Settlement and Release Agreement ("Agreement") between Walgreens (as defined in the Agreement) and Plaintiffs (as defined in the Agreement). Through this Individual Supplement to Agreement, Plaintiff William Flahive and Walgreens agree to the following additional terms and conditions:

**Supplement to Paragraph 7(a), Consideration.** In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in the attached Agreement, and in accordance with the terms and provisions set forth in Paragraph 7 of the Agreement, Walgreens agrees to pay the total settlement amount of Seven Thousand Eight Hundred Ninety Dollars and Seventy-One Cents ($7,890.71) to Plaintiff William Flahive. This amount shall be allocated as follows:

**(i)** The sum of Three Thousand Nine Hundred Forty-Five Dollars and Thirty-Five Cents ($3,945.35), minus applicable statutory deductions and withholdings, shall be made payable to William Flahive as payment for alleged unpaid overtime wages; and

**(ii)** The sum of Three Thousand Nine Hundred Forty-Five Dollars and Thirty-Six Cents ($3,945.36) shall be made payable to William Flahive as payment for alleged liquidated damages and/or interest on back wages.

**Supplement to Paragraph 11, Other Agreements By Each Plaintiff.** In addition to the other provisions in Paragraph 11 of the Agreement, Plaintiff William Flahive agrees to the following:

**(g)** that he has been given at least twenty-one (21) days to consider this Agreement; and

**(h)** that, for a period of seven (7) days following the execution of this Agreement, William Flahive may revoke his waiver of claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* by delivering a written revocation within the seven (7) day period to Walgreen's counsel, Brett Bartlett and Louisa Johnson, Seyfarth Shaw LLP, 1075 Peachtree Street, N.E., Suite 2500, Atlanta, Georgia 30309. In the event of such a revocation, his entitlement to the consideration described in Paragraph 7 and its addendum above will be reduced by ten percent (10%).

**PLAINTIFF WILLIAM FLAHIVE**

Signature: *William Flahive*

Date: April 15, 2015

**Individual Supplement to Agreement and Signature Page for Plaintiff Shaun Whatley**

This Individual Supplement incorporates by reference the attached Confidential Settlement and Release Agreement ("Agreement") between Walgreens (as defined in the Agreement) and Plaintiffs (as defined in the Agreement). Through this Individual Supplement to Agreement, Plaintiff Shaun Whatley and Walgreens agree to the following additional terms and conditions:

**Addendum to Paragraph 7(a), Consideration.** In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in the attached Agreement, and in accordance with the terms and provisions set forth in Paragraph 7 of the Agreement, Walgreens agrees to pay the total settlement amount of Three Thousand Six Hundred Twenty-Six Dollars and Thirty-Seven Cents ($3,626.37) to Plaintiff Shaun Whatley. This amount shall be allocated as follows:

(i) The sum of One Thousand Eight Hundred Thirteen Dollars and Eighteen Cents ($1,813.18), minus applicable statutory deductions and withholdings, shall be made payable to Shaun Whatley as payment for alleged unpaid overtime wages; and

(ii) The sum of One Thousand Eight Hundred Thirteen Dollars and Nineteen Cents ($1,813.19) shall be made payable to Shaun Whatley as payment for alleged liquidated damages and/or interest on back wages.

**PLAINTIFF SHAUN WHATLEY**

Signature:

Date: April 16 , 2015

**Individual Supplement to Agreement and Signature Page for Plaintiff Lynette Naumann**

This Individual Supplement incorporates by reference the attached Confidential Settlement and Release Agreement ("Agreement") between Walgreens (as defined in the Agreement) and Plaintiffs (as defined in the Agreement). Through this Individual Supplement to Agreement, Plaintiff Lynette Naumann and Walgreens agree to the following additional terms and conditions:

**Supplement to Paragraph 7(a), Consideration.** In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in the attached Agreement, and in accordance with the terms and provisions set forth in Paragraph 7 of the Agreement, Walgreens agrees to pay the total settlement amount of Three Thousand Two Hundred Twenty-Three Dollars and Forty-Four Cents ($3,223.44) to Plaintiff Lynette Naumann. This amount shall be allocated as follows:

(i)     The sum of One Thousand Six Hundred Eleven Dollars and Seventy-Two Cents ($1,611.72), minus applicable statutory deductions and withholdings, shall be made payable to Lynette Naumann as payment for alleged unpaid overtime wages; and

(ii)     The sum of One Thousand Six Hundred Eleven Dollars and Seventy-Two Cents ($1,611.72) shall be made payable to Lynette Naumann as payment for alleged liquidated damages and/or interest on back wages.

**Supplement to Paragraph 11, Other Agreements By Each Plaintiff.** In addition to the other provisions in Paragraph 11 of the Agreement, Plaintiff Lynette Naumann agrees to the following:

(g)     that she has been given at least twenty-one (21) days to consider this Agreement; and

(h)     that, for a period of seven (7) days following the execution of this Agreement, Lynette Naumann may revoke her waiver of claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* by delivering a written revocation within the seven (7) day period to Walgreen's counsel, Brett Bartlett and Louisa Johnson, Seyfarth Shaw LLP, 1075 Peachtree Street, N.E., Suite 2500, Atlanta, Georgia 30309. In the event of such a revocation, her entitlement to the consideration described in Paragraph 7 and its addendum above will be reduced by ten percent (10%).

**PLAINTIFF LYNETTE NAUMANN**

Signature: _Naumann_

Date: April 21, 2015

**Individual Supplement to Agreement and Signature Page for Plaintiff Luke Misiak**

This Individual Supplement incorporates by reference the attached Confidential Settlement and Release Agreement ("Agreement") between Walgreens (as defined in the Agreement) and Plaintiffs (as defined in the Agreement). Through this Individual Supplement to Agreement, Plaintiff Luke Misiak and Walgreens agree to the following additional terms and conditions:

**Supplement to Paragraph 7(a), Consideration.** In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in the attached Agreement, and in accordance with the terms and provisions set forth in Paragraph 7 of the Agreement, Walgreens agrees to pay the total settlement amount of Two Thousand Seven Hundred Fifty-Three Dollars and Thirty-Six Cents ($2,753.36) to Plaintiff Luke Misiak. This amount shall be allocated as follows:

(i)     The sum of One Thousand Three Hundred Seventy-Six Dollars and Sixty-Eight Cents ($1,376.68), minus applicable statutory deductions and withholdings, shall be made payable to Luke Misiak as payment for alleged unpaid overtime wages; and

(ii)     The sum of One Thousand Three Hundred Seventy-Six Dollars and Sixty-Eight Cents ($1,376.68) shall be made payable to Luke Misiak as payment for alleged liquidated damages and/or interest on back wages.

**PLAINTIFF LUKE MISIAK**

Signature: _Luke Misiak_

Date: April 29, 2015

**Individual Supplement to Agreement and Signature Page for Plaintiff John Totz**

This Individual Supplement incorporates by reference the attached Confidential Settlement and Release Agreement ("Agreement") between Walgreens (as defined in the Agreement) and Plaintiffs (as defined in the Agreement). Through this Individual Supplement to Agreement, Plaintiff John Totz and Walgreens agree to the following additional terms and conditions:

**Supplement to Paragraph 7(a), Consideration.** In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in the attached Agreement, and in accordance with the terms and provisions set forth in Paragraph 7 of the Agreement, Walgreens agrees to pay the total settlement amount of Eight Thousand Fifty-Eight Dollars and Sixty Cents ($8,058.60) to Plaintiff John Totz. This amount shall be allocated as follows:

      (i)      The sum of Four Thousand Twenty-Nine Dollars and Thirty Cents ($4,029.30), minus applicable statutory deductions and withholdings, shall be made payable to John Totz as payment for alleged unpaid overtime wages; and

      (ii)     The sum of Four Thousand Twenty-Nine Dollars and Thirty Cents ($4,029.30) shall be made payable to John Totz as payment for alleged liquidated damages and/or interest on back wages.

**PLAINTIFF JOHN TOTZ**

Signature: _____

Date: April 16, 2015

**Individual Supplement to Agreement and Signature Page for Plaintiff Scott Ostrowski**

This Individual Supplement incorporates by reference the attached Confidential Settlement and Release Agreement ("Agreement") between Walgreens (as defined in the Agreement) and Plaintiffs (as defined in the Agreement). Through this Individual Supplement to Agreement, Plaintiff Scott Ostrowski and Walgreens agree to the following additional terms and conditions:

**Supplement to Paragraph 7(a), Consideration.** In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in the attached Agreement, and in accordance with the terms and provisions set forth in Paragraph 7 of the Agreement, Walgreens agrees to pay the total settlement amount of One Thousand Four Hundred Ten Dollars and Twenty-Six Cents ($1,410.26) to Plaintiff Ostrowski. This amount shall be allocated as follows:

      **(i)** The sum of Seven Hundred Five Dollars and Thirteen Cents ($705.13), minus applicable statutory deductions and withholdings, shall be made payable to Scott Ostrowski as payment for alleged unpaid overtime wages; and

      **(ii)** The sum of Seven Hundred Five Dollars and Thirteen Cents ($705.13) shall be made payable to Scott Ostrowski as payment for alleged liquidated damages and/or interest on back wages.

**PLAINTIFF SCOTT OSTROWSKI**

Signature: _____

Date: April 23, 2015

**Individual Supplement to Agreement and Signature Page for Plaintiff Chad Tenpas**

This Individual Supplement incorporates by reference the attached Confidential Settlement and Release Agreement ("Agreement") between Walgreens (as defined in the Agreement) and Plaintiffs (as defined in the Agreement). Through this Individual Supplement to Agreement, Plaintiff Chad Tenpas and Walgreens agree to the following additional terms and conditions:

**Supplement to Paragraph 7(a), Consideration.** In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in the attached Agreement, and in accordance with the terms and provisions set forth in Paragraph 7 of the Agreement, Walgreens agrees to pay the total settlement amount of Six Thousand Eight Hundred Eighty-Three Dollars and Thirty-Nine Cents ($6,883.39) to Plaintiff Chad Tenpas. This amount shall be allocated as follows:

      **(i)** The sum of Three Thousand Four Hundred Forty-One Dollars and Sixty-Nine Cents ($3,441.69), minus applicable statutory deductions and withholdings, shall be made payable to Chad Tenpas as payment for alleged unpaid overtime wages; and

      **(ii)** The sum of Three Thousand Four Hundred Forty-One Dollars and Seventy Cents ($3,441.70) shall be made payable to Chad Tenpas as payment for alleged liquidated damages and/or interest on back wages.

**PLAINTIFF CHAD TENPAS**

Signature: *Chad Tenpas*

Date: April 30, 2015

# ADDENDUM TO CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

After the parties agreed to settle this litigation pursuant to the terms of the Agreement to which this Addendum is attached, Plaintiff James Currier voluntarily dismissed his claims with prejudice (Docket #25), and advised Plaintiffs' counsel that he did not wish to be paid settlement proceeds attributed to him pursuant to the Agreement. The parties, through counsel, agreed subsequently that Plaintiff Currier's proceeds would be distributed on a *pro rata* basis to the remaining Plaintiffs as additional consideration to that described in paragraph 7 of the Agreement. Plaintiffs have authorized Plaintiffs' Counsel to sign this Addendum on their behalf and all parties agree that this Addendum shall be treated as part and parcel of the Agreement. The total consideration to be paid to Plaintiffs, inclusive of the *pro rata* addition from Plaintiff Currier's proceeds, is described in the chart attached hereto as Exhibit 1.

Dated this 29th day of May, 2015.

Respectfully submitted,

s/ Brett C. Bartlett
Brett C. Bartlett (Ga. Bar No. 040510)
bbartlett@seyfarth.com
Louisa J. Johnson (Ga. Bar No. 391805)
lojohnson@seyfarth.com


SEYFARTH SHAW LLP
1075 Peachtree Street NE, Suite 2500
Atlanta, Georgia 30309
Telephone: (404) 885-1500
Facsimile: (404) 892-7056


Counsel for Defendant

Respectfully submitted,

s/ Larry A. Johnson
Larry A. Johnson, SBN 1056619
ljohnson@hq-law.com
Summer H. Murshid, SBN 1075404
smurshid@hq-law.com


HAWKS QUINDEL, S.C.
222 E Erie Street, Suite 210
Milwaukee, WI 53202
(414) 271-8650 (office)
(414) 271-8442 (facsimile)


Attorneys for Plaintiffs Lori Adams, Michael Adams, Jaimie Budzinski, James Currier, William Flahive, Timothy Hollan, Troy Kaun, Luke Misiak, Lynette Naumann, Louis Olinger, Scott Ostrowski, Marc Schrader, Richard Stoddard, Chad Tenpas, John Totz, Brad Wanta, Shaun Whatley, Tonya Williams, Rick Wysocki, Benjamin Zawislan, Jennifer Zawislan, and Thomas Zorzin

Exhibit 1 to Addendum to Confidential Settlement and Release Agreement

| First | Last | % of Settlement Fund | Pro Rata Settlement Amount (after Fees and Costs) | Pro Rata Settlement Amount (before Fees and Costs) |
|---|---|---|---|---|
| Lori | Adams | 3.03% | $3,011.53 | $4,537.69 |
| Michael | Adams | 3.91% | $3,897.28 | $5,872.30 |
| Jaimie | Budzinski | 4.63% | $4,605.87 | $6,940.00 |
| William | Flahive | 8.36% | $8,326.00 | $12,545.38 |
| Timothy | Hollan | 3.03% | $3,011.53 | $4,537.69 |
| Troy | Kaun | 8.19% | $8,148.85 | $12,278.45 |
| Luke | Misiak | 2.92% | $2,905.24 | $4,377.54 |
| Lynette | Naumann | 3.42% | $3,401.26 | $5,124.92 |
| Louis | Olinger | 8.83% | $8,786.59 | $13,239.38 |
| Scott | Ostrowski | 1.49% | $1,488.05 | $2,242.15 |
| Marc | Schrader | 2.78% | $2,763.52 | $4,164.00 |
| Richard | Stoddard | 6.41% | $6,377.36 | $9,609.22 |
| Chad | Tenpas | 7.30% | $7,263.11 | $10,943.84 |
| John | Totz | 8.54% | $8,503.15 | $12,812.30 |
| Brad | Wanta | 6.41% | $6,377.36 | $9,609.22 |
| Shaun | Whatley | 3.84% | $3,826.42 | $5,765.53 |
| Tonya | Williams | 7.12% | $7,085.96 | $10,676.92 |
| Rick | Wysocki | 1.91% | $1,906.12 | $2,872.09 |
| Benjamin | Zawislan | 3.56% | $3,542.98 | $5,338.46 |
| Jennifer | Zawislan | 4.20% | $4,180.71 | $6,299.38 |
| Thomas | Zorzin | 0.14% | $141.72 | $213.54 |
| | TOTAL | 100.00% | $99,550.60 | $150,000.00 |

| | |
|---|---|
| Total Settlement | $150,000.00 |
| Attys' Fees and Costs | $50,449.40 |
| Balance | $99,550.60 |