UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LORI ADAMS, MICHAEL ADAMS, JAIMIE BUDZINSKI, WILLIAM FLAHIVE, TIMOTHY HOLLAN, TROY KAUN, LUKE MISIAK, LYNETTE NAUMANN, LOUIS OLINGER, SCOTT OSTROWSKI, MARC SCHRADER, RICHARD STODDARD, CHAD TENPAS, JOHN TOTZ, SHAUN WHATLEY, TONYA WILLIAMS, RICK WYSOCKI, BRAD WANTA, BENJAMIN ZAWISLAN, JENNIFER ZAWISLAN, and THOMAS ZORZIN,<br><br>       Plaintiffs,<br>v.<br><br>WALGREEN CO. d/b/a Walgreens,<br><br>       Defendant. | Case No. 14-CV-1208-JPS<br><br><br><br><br><br>ORDER |

  Before the Court are two motions: the parties' joint motion to approve their settlement agreement resolving this Fair Labor Standards Act ("FLSA") case (Docket #29), and the defendant's motion to maintain that "confidential" settlement agreement under seal for two years (Docket #27). The Court will deny the defendant's motion to seal the settlement agreement for the reasons outlined below. As such, the Court will reserve ruling on the propriety of the parties' settlement agreement, to allow the parties time to consider the effect of the Court's decision on their existing agreement.

1. BACKGROUND

  On September 30, 2014, thirty-two (32) plaintiffs—who were all Executive Assistant Managers with Walgreens—filed a lawsuit against the defendant alleging, *inter alia*, violations of the FLSA, *see* 29 U.S.C. § 201, *et seq.* for failing to pay the plaintiffs overtime compensation for hours "worked off the clock for each single workweek." (Docket #1). Each of those plaintiffs

previously consented to join in a collective action that was conditionally certified and then decertified in the United States District Court for the Western District of Arkansas. *See Teramura v. Walgreen Co.*, No. 12-CV-5244, slip op. at 3 (W.D. Ark. June 18, 2014). The *Teramura* court's decertification order also tolled the statute of limitations for those plaintiffs, providing them ninety (90) days to file an individual action under the FLSA. *Id.* at 3. Hence, after decertification, the plaintiffs filed the instant lawsuit.

Since the initiation of this lawsuit, the number of plaintiffs has dwindled over time. On February 4, 2015, the Court granted a joint stipulation to dismiss the claims, with prejudice, of seven plaintiffs whose claims had previously been resolved or no longer wished to participate in the instant matter. (*See* Docket #20). In orders dated May 12 and May 15, 2015, the Court dismissed the claims, with prejudice, of four more plaintiffs. (*See* Docket #25, #26). At this time, there remain twenty-one (21) plaintiffs.

2. DISCUSSION

In *Lynn Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982), the Eleventh Circuit held that "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." One way to settle those claims, and the way relevant in the instant matter, is by "present[ing] to the district court a proposed settlement" which a district court may approve "after scrutinizing the settlement for fairness." *Id.* at 1353. The Eleventh Circuit later expanded that holding to include settlements between former employees and employers. *See Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013).

Court approval of FLSA settlements—consistent with the Eleventh Circuit's holding in *Lynn's Food Stores*—is the norm across most circuits, including the Seventh. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303,

306 (7th Cir. 1986) ("Courts therefore have refused to enforce wholly private [FLSA] settlements.") (citing *Lynn's Food Stores*, 679 F.2d at 1352); *Bodle v. TXL Mortg. Corp.*, —F.3d—, 2015 WL 3478146, at *4 (5th Cir. June 1, 2015) ("[M]any courts have held that, in the absence of supervision by the Department of Labor or scrutiny from a court, a settlement of a FLSA claim is prohibited.") (citing *Lynn's Food Stores*, 679 F.2d at 1355; *Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007) ("[U]nder the FLSA, a labor standards law, there is a judicial prohibition against the unsupervised waiver or settlement of claims.") *superseded by regulation on other grounds as stated in Whiting v. Johns Hopkins Hosp.*, 416 F. App'x 312 (4th Cir. 2011); *Seminiano v. Xyris Enterprise,* Inc., 602 Fed. Appx. 682, 683 (9th Cir. 2015) ("FLSA claims may not be settled without approval of either the Secretary of Labor or a district court.") (citing *Nall*, 723 F.3d at 1306); *but see Martin v. Spring Break '83 Productions, L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012) (excepting unsupervised settlements that are reached due to a bona fide FLSA dispute over hours worked or compensation owed).

2.1     The Defendant's Arguments For Sealing the Settlement

As noted above, the defendants have moved for approval of the parties' settlement agreement, and to file the parties' settlement agreement under seal for a period of two years. (*See* Docket #28). As to the latter, the plaintiff agreed not to oppose the defendant's motion to seal if the sealing of the settlement agreement was *only* for two years. *Id.* at 6. The defendant moves to seal the settlement agreement pursuant to Federal Rule Civil Procedure 5.2(d) and Civil Local Rule 79(d)(4), and, pursuant to those rules, argues that there is good cause to seal the settlement agreement. *See id.* at 2-6.

In summary, the reasons—*i.e.* the good cause—the defendant gives for sealing the settlement agreement are: (1) the risk of subsequent litigation by these plaintiffs or others, given that "there are currently more than 30 similar cases pending against [the defendant], each involving fundamentally the same claims" as those here; (2) the defendant "placed a premium on the confidentiality provisions" of the settlement agreement and is "concerned that disclosure of the terms of the [settlement agreement] will compromise its ability to effectively negotiate in the other pending lawsuits"; and (3) disclosure of the terms of the settlement agreement could detriment plaintiffs in other cases because "the publication of the terms of *this* settlement could influence plaintiffs and their counsel without first considering the actual value of the claims they have asserted." *Id.* at 4, 5.

The defendant further argues that "[c]ourts routinely allow parties in FLSA disputes to file their settlement agreements under seal." (Docket #28 at 2). In support of this proposition, the defendant cites one unpublished decision from this circuit and a series of district court decisions, mostly unpublished, from various other district courts. *See id.* The defendant goes on to acknowledge the Seventh Circuit's insistence that litigation be conducted in public, but nonetheless argues that the Seventh Circuit "has not held that the terms of a private and confidential settlement agreement must be made available to the public." *Id.* at 2-3 (citing *Hicklin Eng'g, L.C. v.* Bartell, 439 F.3d 346, 348 (7th Cir. 2006)).

As the Court will now explain, the defendant has ignored Seventh Circuit precedent that undermines much of their argument for sealing the parties' settlement agreement. And, the defendant has not overcome the presumption that court proceedings and judicial records should be made available to the public.

### 2.2 FLSA Settlements Are Presumptively Public and the Defendant Has Not Rebutted This Presumption

"Secrecy in judicial proceedings is disfavored, as it makes it difficult for the public (including the bar) to understand why a case was brought (and fought) and what exactly was at stake in it and was the outcome proper." *GEA Group AG v. Flex-N-Gate Corp.*, 740 F.3d 411, 419 (7th Cir. 2014); *see also Hicklin*, 439 F.3d at 348 ("Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification.").

Generally, then, "documents that affect the disposition of federal litigation are presumptively open to public view." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010); *see Goesel v. Boley Intern. (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (Posner, J. chambers opinion) ("[T]he presumption of public access 'applies only to the materials that formed the basis of the parties' dispute and the district court's resolution'; other materials that may have crept into the record are not subject to the presumption.") (quoting *Baxter Int'l, Inc. v. Abbott Lab.*, 297 F.3d 544, 548 (7th Cir. 2002)); *see also Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002) (noting that it is a "strong presumption rather than an absolute rule"). However, "[w]hen there is a compelling interest in secrecy, as in the case of trade secrets, the identity of informers, and the privacy of children, portions, and in extreme cases the entirety of a trial record can be sealed." *Jessup*, 277 F.3d at 928; *see GEA Group*, 740 F.3d at 420 ("[T]he presumption can be overridden by competing interests, as in cases involving trade secrets—arguably in some cases involving settlement agreements —uncontroversially in most cases in which the plaintiff is a child victim of sexual abuse."). This interest in secrecy is "weighed against the competing interests case by case." *Jessup*, 277 F.3d at 928.

Ordinarily settlement agreements are private documents, "not judicial records, and so the issue of balancing the interest in promoting settlements by preserving secrecy against the interest in making public materials upon which judicial decisions are based does not arise—there is no judicial decision." *Id.*; *see Goesel*, 738 F.3d at 833 (noting that "most settlement agreements never show up in a judicial record and so are not subject to the right of public access," because "[e]ither the agreement is made before a suit is filed (and so the suit is never filed), or, if after, the parties file a stipulation of dismissal and in that event they're not required to make the agreement a part of the court record"). But, if judicial approval of the terms of a settlement agreement is required—like, as noted above, in FLSA cases—the "presumption of a right of public access to court documents should apply." *Goesel*, 738 F.3d at 834; *accord Jessup*, 277 F.3d at 929 ("The public has an interest in knowing what the terms of settlement a federal judge would approve and perhaps therefore nudge the parties to agree to.").

So, court approved FLSA settlements are presumptively public documents. *See, e.g.*, *Bouzzi v. F & J Pine Rest., LLC*, 841 F. Supp. 2d 635, 639 (E.D.N.Y. 2012) ("Where…the FLSA settlement is submitted to the court for approval, the approval process is a judicial act. Consequently, the settlement agreement is a judicial document to which the presumption of public access attaches."). Rebutting this presumption is possible, however, in the scenarios described above and, perhaps, if a different compelling reason is given. *See GEA Group AG*, 740 F.3d at 420 (noting that the presumption can be overridden—at least "arguably"—"in some cases involving settlement agreements"). That the parties have a confidentiality clause, or otherwise have agreed to keep the agreement hush-hush does not equal a compelling reason. *See Goesel*, 738 F.3d at 835 ("…there is potential public value to

Page 6 of 10

Case 2:14-cv-01208-JPS   Filed 07/02/15   Page 6 of 10   Document 32

disclosing settlement terms, including amount, [and thus] parties *have* to give the judge a reason for not disclosing them—and the fact that they don't want to disclose is not a reason.") (citing Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access to the Courts*, 105 HARV. L. REV. 427, 492-93 (1991)); *see also Snook v. Valley OB-GYN Clinic, P.C.*, No. 14-CV-12302, 2014 WL 7369904, at \*3 (E.D. Mich. Dec. 29, 2014) (collecting cases and stating, in the FLSA context, that "[g]enerally, courts have roundly rejected the argument that confidentiality provisions in settlement agreements are a sufficient interest to overcome the presumption of public access") (internal quotation marks omitted).

So what would be another compelling reason? Here, the Seventh Circuit has set the bar quite high. As Judge Posner put it, there may not be many *or nearly any* other reasons:

> Against a background of uncertainty, it's difficult to imagine what arguments or evidence parties wanting to conceal the amount or other terms of their settlement (apart from terms that would reveal trade secrets or seriously compromise personal or institutional privacy or national security) could present to rebut the presumption of public access to judicial records.

*Goesel*, 738 F.3d at 835.

And, while the defendants argue that courts have "routinely" allowed parties to file FLSA settlements under seal, the cases the defendant cites all involve courts doing so without much discussion of *why* that is permissible. (*See* Docket #28 at 2) (collecting cases that provide little, if any, analysis). This seems to be a common theme in FLSA cases. *See Bouzzi*, 841 F. Supp. 2d at 638 (stating that a defendant—in support of sealing an FLSA settlement—cited "slip opinions hav[ing] no precedential value" and decisions that were "no more than short ECF entries" without "any reason or justification for their

decision to seal"); *Swarthout v. Ryla Teleservices, Inc.*, No. 11-CV-21, 2012 WL 5361756, at *2 (N.D. Ill. Oct. 30, 2012).

The courts that have analyzed whether sealing an FLSA settlement is permissible—without an eminently compelling reason—have overwhelmingly rejected that idea, and have, similar to the Seventh Circuit, set the bar quite high for litigants seeking to seal FLSA settlements. *See, e.g.*, *Weismantle v. Jali*, No. 13-CV-1087, 2015 WL 1866190, at *2 (W.D. Pa. April 23, 2015) (collecting cases and stating: "What can be gleaned from this prevailing, if not overwhelming caselaw trend is that, *absent something very special in a very specific case which generates a very good reason above and beyond the desire of the parties to keep the terms of an FLSA settlement out of the public's view*, …[an FLSA settlement] cannot be filed under seal."); *Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 646-48 (S.D.N.Y. 2011) (overwhelming consensus against sealing FLSA settlement agreements submitted for court approval).

Applying the foregoing to the case at hand, the Court is compelled to deny the defendant's motion to seal the settlement agreement for two years. At bottom, the defendant's reasons for sealing the settlement agreement are nothing more than pleas to keep the settlement agreement confidential because *the parties have agreed to do so.* That is not enough. *See Bouzzi*, 841 F. Supp. 2d at 640. True, the defendant fears future litigation if the settlement agreement is made public, but Judge Posner found that reason unconvincing in *Goesel.* 738 F3d at 833-35. The defendant also fears the effect that disclosing the settlement amounts will have on future litigation. Again, this justification has been rejected by not only the Seventh Circuit, *see id.*, but other courts as well. *See, e.g., Bouzzi*, 841 F. Supp. 2d at 642; *Hens*, 2010 WL 4240919 at *4 ("Preventing the employee's co-workers or the public from discovering the existence or value of their FLSA rights is an objective unworthy of

implementation by a judicial seal."); *see also LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 222 (3d Cir. 2011); *Pansy v. Borough of Stroudsberg*, 23 F.3d 772, 777 (3d Cir. 1994) ("Circumstances weighing against confidentiality exist…when the sharing of information among litigants would promote fairness and efficiency.").

Finally, while it is true—as the defendant points out—that at least one court has decided to seal an FLSA settlement agreement for a limited time, *see Murphy v. Dolgencorp, Inc.*, No. 09-CV-0007, 2010 WL 4261310, at *1 (W.D. Va. Oct. 28, 2010), the Court's decision in *Murphy* both directly conflicts with the Seventh Circuit precedent outlined above, and is against the greater weight of authority in similar cases. *See, e.g.*, *Bouzzi*, 841 F. Supp. 2d at 641-42 (rejecting the defendant's attempt—based on *Murphy*—to temporarily seal an FLSA settlement). Because *Murphy* is not binding on this Court, nor analogous to this case (for various reasons not worth elaborating on), nor convincing in light of the great weight of authority holding otherwise, the Court declines to adopt its reasoning here.

Thus, for all of the reasons discussed above, the Court finds that the defendant's justifications for sealing the settlement agreement for two years are insufficient to rebut the presumption of public access to judicial records. As such, the Court is obliged to deny the defendant's unopposed motion to seal the settlement agreement for two years. (Docket #27).

3.  CONCLUSION

Having found that the settlement agreement cannot be sealed (temporarily or otherwise), the Court will, as it noted at the outset, permit the parties to either: (1) agree to file the settlement agreement publicly; or, (2) withdraw their motion for approval of the settlement agreement pending further discussion of the Court's order. The parties are instructed to inform

the Court, within twenty-one (21) days of the entry of this order, how they would like to proceed.

Accordingly,

IT IS ORDERED that the defendant's unopposed motion to maintain that "confidential" settlement agreement under seal for two years (Docket #27) be and the same is hereby DENIED. The Court will permit the parties to either: (1) agree to file the settlement agreement publicly; or, (2) withdraw their motion for approval of the settlement agreement pending further discussion of the Court's order. The parties are instructed to inform the Court, within twenty-one (21) days of the entry of this order, how they would like to proceed.

Dated at Milwaukee, Wisconsin, this 2nd day of July, 2015.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge